**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) Case No. 09-14326 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

**FINAL ORDER (A) AUTHORIZING THE DEBTORS TO (I) CONTINUE
USING THE CASH MANAGEMENT SYSTEM, (II) MAINTAIN THEIR
EXISTING BANK ACCOUNTS AND BUSINESS FORMS AND (III) MAINTAIN
THEIR EXISTING INVESTMENT PRACTICES, (B) AUTHORIZING THE
DEBTORS TO CONTINUE THEIR INTERCOMPANY TRANSACTIONS
AND GRANTING POSTPETITION INTERCOMPANY CLAIMS ADMINISTRATIVE
EXPENSE PRIORITY AND (C) PRESERVING AND PERMITTING THE
<u>EXERCISE OF INTERCOMPANY SETOFF RIGHTS</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors (collectively, the

"<u>Debtors</u>") for the entry of a final order (this "<u>Order</u>"): (a) authorizing, but not directing, the

Debtors to (i) continue to use their existing Cash Management System, (ii) maintain their

existing Bank Accounts and Business Forms and (iii) maintain their existing Investment

Practices; (b) authorizing the Debtors to continue their Intercompany Transactions and granting

postpetition Intercompany Claims administrative expense priority; and (c) preserving and

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtors' federal tax identification number (if any), include:  Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  21557 Telegraph Road, Southfield, Michigan 48033.

[2]     Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

permitting the exercise of intercompany setoff rights and upon the First Day Declaration; it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein on a final basis.

2.      The Debtors are authorized and empowered pursuant to sections 105(a) and 363(c) of the Bankruptcy Code: (a) to continue using the Cash Management System as described in the Motion; (b) to implement ordinary course changes to the Cash Management System; and (c) to open and close bank accounts without need of further order of the Court.

3.      The Debtors are authorized, but not directed, to:  (a) designate, maintain and continue to use any or all of their existing Bank Accounts, including but not limited to the Bank Accounts identified on Exhibit D to the Motion, in the names and with the account numbers existing immediately before the Petition Date; (b) deposit funds in and withdraw funds from these accounts by all usual means, including, without limitation, checks, wire transfers, automated transfers and other debits; and (c) treat their prepetition Bank Accounts for all purposes as debtor-in-possession accounts.

4.      The Debtors are authorized, but not directed, to continue using their Business Forms and Books & Records as described in the Motion; provided that the Debtors shall use

K&E 15372296.

reasonable best efforts to mark "Debtor-in-Possession" on their Business Forms (including checks) as soon as reasonably practicable following the Petition Date..

5.     The requirements relating to the investment and deposit of money of the estate, with respect to (a) the UST Guidelines promulgated by the United States Trustee and (b) section 345(b) of the Bankruptcy Code are waived.

6.     The Debtors are authorized, but not directed, to continue using their existing Investment Practices as described in the Motion.

7.     Except as otherwise provided in this Order, all banks and financial institutions at which the Bank Accounts are maintained (each individually a "Bank" and, collectively, the "Banks") are directed to continue to service and administer the Bank Accounts as accounts of the Debtors as debtors-in-possession, without interruption and in the ordinary course, and to receive, process, honor, and pay any and all checks, drafts, wires and automatic clearing house transfers issued whether before or after the Petition Date and drawn on the Bank Accounts by the holders and makers thereof, as the case may be; provided that (a) any such Bank is authorized to honor such prepetition check or other item at the discretion of the Debtors and (b) any such Bank is authorized to rely on the Debtors' designation of any prepetition check or other item as approved by this Order.

8.     As soon as practicable after entry of this Order, the Debtors shall serve a copy of this Order on the Banks.

9.     The requirement to establish separate accounts for cash collateral and/or tax payments is hereby waived.

10.     The Debtors are authorized, but not directed, to:  (a) pay prepetition amounts outstanding as of the date hereof, if any, owed to the Banks as service charges for the

K&E 15372296.

maintenance of the Cash Management System; and (b) reimburse the Banks for any claims arising before or after the Petition Date in connection with customer checks deposited with the Banks that have been dishonored or returned as a result of insufficient funds in their Bank Accounts.

11.     The Debtors are authorized to enter into, engage in and effect Intercompany Transactions and take any actions related thereto, and to pay prepetition obligations related thereto.  All Intercompany Claims against a Debtor by another Debtor or a non-debtor affiliate, arising after the Petition Date as a result of the Intercompany Transactions, are hereby accorded superpriority administrative expense status, with priority over any and all administrative expenses specified in sections 503(b) and 507(b) of the Bankruptcy Code, subject to and subordinate only to any valid liens and security interests against the Debtors.  In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

12.     The Debtors are authorized, but not directed, to continue the Purchasing Programs, and to pay prepetition obligations owed under the Purchase Programs.

13.     The Debtors and their non-debtor affiliates (including, without limitation, their joint ventures) are authorized, but not directed, in the Debtors' sole discretion, to set off mutual prepetition obligations relating to intercompany receivables and payables through the Cash Management System, including by means of the Netting Process, and the Debtors and their non-debtor affiliates (including, without limitation, their joint ventures) are authorized, in the Debtors' sole discretion, to set off mutual postpetition obligations relating to intercompany receivables and payables through the Cash Management System, including by means of the

4

Netting Process. In connection therewith, the Debtors shall continue to maintain current records with respect to all transfers of cash so that all transactions, including Intercompany Transactions, may be readily ascertained, traced and recorded properly on applicable intercompany accounts.

14.     Subject to applicable bankruptcy or other law, those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Banks, and, subject to applicable bankruptcy or other law, all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect absent further order of the Court or unless with respect to any such agreement with any Bank, the Debtors and such Bank agree otherwise.

15.     The Debtors and the Banks may, without further order of the Court, agree to and implement changes to the cash management systems and procedures in the ordinary course of business, including, without limitation, the opening and closing of bank accounts as set forth in paragraph 2 herein.

16.     The Banks are authorized to debit the Debtors' accounts in the ordinary course of business and without further court order on account of all checks drawn on the Debtors' accounts which are cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

17.     Notwithstanding any other provision of this Order, no bank at which the Debtors maintain their Bank Accounts (collectively, "Cash Management Banks") that honors a prepetition check or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in a good faith belief that the Court has authorized such prepetition check or item to be honored or (c) as the result of an innocent mistake made despite

K&E 15372296.

implementation of reasonable item handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

18.     The Cash Management Banks are authorized to charge, and the Debtors are authorized to pay, honor or allow prepetition and postpetition fees, costs, charges and expenses (the "Bank Fees"), and charge back returned items to the Bank Accounts in the ordinary course.

19.     No liens on any of the Bank Accounts granted to any creditors (including the Debtors' proposed postpetition secured lenders) shall take priority over the Bank Fees of the respective Cash Management Bank at which the account is located.

20.     This Order is without prejudice to the right of the Debtors, the official committee of unsecured creditors appointed in the Chapter 11 Cases**, any other party in interest** and the U.S. Trustee to seek appropriate further relief if any of them believes that any relief granted by this Order negatively and materially affects the substantive rights of any party in interest; provided that, the Debtors and all other parties in interest reserve any and all of their rights, remedies, defenses, objections, counterclaims or otherwise with respect to any such further relief that may be or is sought by the Debtors, the official committee of unsecured creditors appointed in the Chapter 11 Cases or the U.S. Trustee.

21.     The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

22.     The requirements set forth in Bankruptcy Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

23.     Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

K&E 15372296.

24.     The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date:  July 31, 2009

　　　　　　　　　　　　　　　　　*/s/ Allan L. Gropper*
　　　　　　　　　　　　　　　　United States Bankruptcy Judge

K&E 15372296.