**Hearing Date: August 25, 2009 at 10:00 a.m. (Eastern Time)**
**Objection Deadline: August 20, 2009 at 4:00 p.m. (Eastern Time)**

James H.M. Sprayregen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone:  (212) 446-4800
Facsimile:   (212) 446-4900

- and -

Marc Kieselstein (admitted *pro hac vice*)
Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:  (312) 862-2000
Facsimile:   (312) 862-2200

Counsel to the Debtors and Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| LEAR CORPORATION, et al.,[1] | ) Case No. 09-14326 (ALG) |
| Debtors. | ) Jointly Administered |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtors' federal tax identification number (if any), include: Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 21557 Telegraph Road, Southfield, Michigan 48033.

### NOTICE OF DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING REPORTING REQUIREMENTS OF BANKRUPTCY RULE 2015.3(A) FOR CAUSE

**PLEASE TAKE NOTICE** that a hearing on the *Debtors' Motion for Entry of an Order Modifying Reporting Requirements of Bankruptcy Rule 2015.3(a) for Cause* (the "Motion") will be held before the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), Alexander Hamilton Custom House, One Bowling Green, Room 617, New York, New York 10004, on **August 25, 2009 at 10:00 a.m. (Eastern Time)**.

**PLEASE TAKE FURTHER NOTICE** that any **responses or objections to the relief requested in the Motion** must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at www.nysb.uscourts.gov, the official website for the Bankruptcy Court) and by all other parties in interest, on a 3.5-inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "Chambers Copy" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than **August 20, 2009 at 4:00 p.m. (Eastern Time)** by the following parties:  (a) the above-captioned debtors (collectively, the "Debtors"), 21557 Telegraph Road, Southfield, Michigan 48033, Attn:  Terrence B. Larkin; (b) the undersigned counsel to the Debtors at the address set forth below; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn:  Paul K. Schwartzberg; (d) counsel to the official committee of unsecured creditors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn:  Sharon L.

2

K&E 15368726.

Levine; (e) counsel to the agent for the Debtors' prepetition and postpetition secured lenders, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Kenneth S. Ziman; (f) counsel to the ad hoc committee of the Debtors' unsecured noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen; (g) the Internal Revenue Service, 500 North Capitol Street NW, Washington, D.C. 20221; (h) the Securities and Exchange Commission, 100 F Street NE, Washington, D.C. 20549; (i) the Environmental Protection Agency, Ariel Rios Building, 1200 Pennsylvania Avenue NW, Washington, D.C. 20460; (j) the Pension Benefit Guaranty Corporation, 1200 K Street NW, Washington, D.C. 20005; (k) each trustee for each of the Debtors' notes; (l) the attorneys general for each of the States in which the Debtors conduct operations; and (m) all entities that have filed a request for service of filings in the above-captioned chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. Only those responses that are timely filed, served and received will be considered at the hearing. Failure to file a timely objection may result in entry of a final order granting the Motion as requested by the Debtors.

| | |
|---|---|
| New York, New York<br>Dated: August 10, 2009 | */s/ Marc Kieselstein*<br>James H.M. Sprayregen<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:    (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>- and -<br><br>Marc Kieselstein (admitted *pro hac vice*)<br>Ryan Blaine Bennett (admitted *pro hac vice*)<br>Paul Wierbicki (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:    (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>Counsel to the Debtors and<br>Debtors in Possession |

4

K&E 15368726.

**Hearing Date:  August 25, 2009 at 10:00 a.m. (Eastern Time)**
**Objection Deadline:  August 20, 2009 at 4:00 p.m. (Eastern Time)**

James H.M. Sprayregen
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York  10022
Telephone:    (212) 446-4800
Facsimile:    (212) 446-4900

    - and -

Marc Kieselstein (admitted *pro hac vice*)
Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and Debtors in Possession

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEAR CORPORATION, et al.,[1] | ) | Case No. 09-14326 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtors' federal tax identification number (if any), include:  Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  21557 Telegraph Road, Southfield, Michigan 48033.

K&E 15368726.

**DEBTORS' MOTION FOR ENTRY OF AN ORDER MODIFYING REPORTING
REQUIREMENTS OF BANKRUPTCY RULE 2015.3(A) FOR CAUSE**

The above-captioned debtors (collectively, the "Debtors") hereby move the Court, pursuant to this motion (this "Motion"), for the entry of an order, substantially in the form attached hereto as Exhibit A, modifying the reporting requirements of Rule 2015.3 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for cause to excuse the Debtors from filing any reports otherwise required. In support of this Motion, the Debtors respectfully state as follows:[2]

**Jurisdiction**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory basis for the relief requested herein is Bankruptcy Rule 2015.3.

**Background**

*General Background*

4. The Debtors and their affiliates are a leading global automotive supplier of seat systems, electrical distribution systems and electronic products globally and supply their products to all original equipment manufacturers. The Debtors and their affiliates maintain their global headquarters in Southfield, Michigan, and employ approximately 72,000 workers worldwide, including approximately 5,500 employees in the United States and Canada. In 2008,

---

[2] The facts and circumstances relevant to consideration of this Motion are set forth in the (a) *Declaration of Shari L. Burgess of Lear Corporation (I) in Support of Debtors' Chapter 11 Petitions and First Day Motions and (II) Pursuant to Local Bankruptcy Rule 1007-2* (the "First Day Declaration"), filed on July 7, 2009, and (b) *Declaration of Matthew J. Simoncini in Support of Debtors' Motion for Entry of an Order Modifying Reporting Requirements of Bankruptcy Rule 2015.3(a) for Cause* (the "Simoncini Declaration"), filed contemporaneously herewith. Each of the preceding declarations is incorporated herein by reference.

2

the Debtors and their non-debtor affiliates achieved total net sales of approximately $13.6 billion.

5. In the past year, the Debtors have experienced a significant decline in revenue due to an unprecedented downturn in the automotive industry. The Debtors' businesses have been adversely impacted by a decrease in overall global vehicle production, particularly in North America and Europe. Furthermore, the impact in North America has been exacerbated by a shift in consumer preference away from large trucks and SUVs, which historically have generated a disproportionate share of the Debtors' sales and profitability. In addition, raw material, energy and commodity costs have increased significantly during 2008 and remain extremely volatile. These unfavorable conditions have not only affected the Debtors' operations but have created financial distress among the original equipment manufacturers as well as automotive suppliers throughout the entire supply chain.

6. To ensure that they maintain competitive operations, the Debtors and approximately 68 percent of their prepetition secured lenders and a majority of their noteholders have executed plan support agreements, which were filed upon commencement of these chapter 11 cases (collectively, the "Chapter 11 Cases") and have attached to them a term sheet that sets forth the terms of a chapter 11 plan of reorganization that contemplates a significant de-leveraging of the Debtors' balance sheet. The Debtors intend to file shortly a proposed chapter 11 plan consistent with the terms contained in the plan term sheet. The Debtors believe that the terms of their chapter 11 plan will allow them to remain a viable, competitive going forward business.

7. On July 7, 2009 (the "Petition Date"), each of the Debtors commenced the Chapter 11 Cases to permit them to restructure their balance sheets and operations to restore

3

profitability. The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the title 11 of the United States Code, 11 U.S.C §§ 101–1532 (the "Bankruptcy Code"). On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b). On July 14, 2009, the United States Trustee appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee"). No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

### *The Debtors' Corporate Structure*

8. The Debtors and their non-debtor affiliates comprise approximately 150 different legal entities. Of these entities, 24 have filed for chapter 11 relief. The vast majority of the remaining 126 entities comprising the Debtors' enterprise arguably would be subject to Bankruptcy Rule 2015.3(a) reporting requirements. Specifically, Bankruptcy Rule 2015.3(a) requires the Debtors to file reports of each non-debtor affiliate in which any of the Debtors hold a controlling interest (collectively, the "Non-Filing Entities"), and Bankruptcy Rule 2015.3(c) presumes that the Debtors have a controlling interest when the estate owns or controls at least a 20 percent interest in an entity. The Non-Filing Entities in which the Debtors have a controlling interest consist of certain of their joint ventures and foreign and domestic affiliates.

**A.    Joint Ventures**

9. Approximately 31 of the Non-Filing Entities are joint ventures (the "Joint Ventures"). See, e.g., First Day Declaration ¶ 17. The Debtors hold at least a 20 percent interest in all but one of the Joint Ventures, which would make them subject to the reporting requirements of Bankruptcy Rule 2015.3(a). However, the terms of the agreements governing the Joint Ventures are not public, and, indeed, the terms of the arrangements, including

4

production volume and pricing, may be in many cases commercially sensitive and could prejudice these entities if publicly disclosed.

10.     The Debtors disclose certain operational and financial information about the Joint Ventures in public filings with the Securities and Exchange Commission (the "SEC") as required by U.S. securities laws, and these disclosures are publicly available as required by Bankruptcy Rule 2015.3(d).  See 15 U.S.C. § 78m(a); 17 C.F.R. §§ 229.1005, 240.13d-101, 240.14a-101; FED. R. BANKR. P. 2015.3(d).  For example, the Debtors' most recent annual report sets forth information regarding the Joint Ventures, including, among other things, the book value of certain of the Debtors' interests in the Joint Ventures.  See Lear Corporation, *2008 Annual Report* (Form 10-K), at 12, 71–73 (filed on March 17, 2009).  The Debtors submit that any public disclosure beyond that required to comply with the securities laws which the Debtors are subject to would be inappropriate, unduly burdensome under the circumstances and harmful to the Debtors' businesses and estates.  The Debtors believe that the significant disclosures made pursuant to U.S. securities laws should provide any parties in interest in the Chapter 11 Cases with sufficient information regarding the Joint Ventures.

11.     The Debtors believe that any additional public disclosure regarding the Joint Ventures likely would negatively affect the value of the Joint Ventures and would be inconsistent with the expectations of the Debtors' joint venture partners.  The Debtors believe that filing reports concerning the value, operations and profitability of the Joint Ventures as required by Bankruptcy Rule 2015.3(a) would require the Debtors to disclose certain confidential, proprietary information.  Disclosure of this information likely would be negatively received by the Debtors' partners in the Joint Ventures and would put the Joint Ventures at a competitive disadvantage.

5

**B.      Other Foreign and U.S. Non-Filing Entities**

12.     In addition to the Joint Ventures, the Debtors have interests in approximately 88 foreign Non-Filing Entities and approximately seven U.S. Non-Filing Entities through which they maintain operations in 36 countries and at over 200 facilities. The Debtors maintain at least a 20-percent interest in all of these Non-Filing Entities. As with the Joint Ventures, the Debtors have historically disclosed material non-proprietary and non-confidential information concerning these Non-Filing Entities in filings with the SEC. In particular, the financial and operational results of these Non-Filing Entities are incorporated into the consolidated balance sheet, income statement and cash flow statement filed in the Debtors' most recent annual report. See Lear Corporation, *2008 Annual Report* (Form 10-K), at 56, 57 and 59 (filed on March 17, 2009). Additionally, the Debtors provide the annual revenues of the Non-Filing Entities by region of operation in their SEC filings. See id. at 93.

13.     The Debtors intend to continue this practice in the ordinary course of their business (including making timely filings with the SEC). In light of the public availability of information regarding these Non-Filing Entities in which the Debtors have at least a 20-percent interest, the Debtors submit that complying with requirements of Bankruptcy Rule 2015.3(a) is unnecessary and unduly burdensome on the estates.

**Relief Requested**

14.     By this Motion, the Debtors seek an order (a) modifying the reporting requirements of Bankruptcy Rule 2015.3(a) and (b) excusing the Debtors from filing reports on Official Form 26 or any other reports otherwise required. The circumstances here justify modifying the requirements of Bankruptcy Rule 2015.3(a) such that the Debtors should not have to file Bankruptcy Rule 2015.3(a) reports with respect to the Non-Filing Entities.

6

15. The Bankruptcy Rule 2015.3(a) reporting requirements are duplicative of the Debtors' existing reporting obligations. Further, as applied to the facts of the Chapter 11 Cases here, which involve a U.S. public company with over 100 entities worldwide and operations in 36 countries, the reporting requirements are unduly burdensome. The disclosure of certain information required by Bankruptcy Rule 2015.3(a) also likely would divulge commercially sensitive information, likely causing harm to the Debtors' businesses and their interests in the Non-Filing Entities to the detriment of the estates.

## Basis for Relief

16. Bankruptcy Rule 2015.3(a) provides in pertinent part as follows:

> In a chapter 11 case, the . . . debtor in possession shall file periodic financial reports of the value, operations, and profitability of each entity that is not a publicly traded corporation or a debtor in a case under title 11, and in which the estate holds a substantial or controlling interest. The reports shall be prepared as prescribed by the appropriate Official Form, and shall be based upon the most recent information reasonably available to the . . . debtor in possession.

FED. R. BANKR. P. 2015.3(a). Official Form 26 was developed to set forth the information required by Bankruptcy Rule 2015.3. See Official Bankruptcy Form 26.

17. Bankruptcy Rule 2015.3(d) permits a court to modify a debtor's obligations under Rule 2015.3(a) for cause shown. See FED. R. BANKR. P. 2015.3(d). Under Bankruptcy Rule 2015.3(d), "cause" expressly includes (a) a debtor's inability, after a good faith effort, to comply with Bankruptcy Rule 2015.3(a)'s reporting requirements and (b) the information's being publicly available. Id. The Debtors submit that the facts and circumstances of the Chapter 11 Cases and the Debtors' existing disclosure requirements provide ample cause to excuse the Debtors from the Bankruptcy Rule 2015.3(a) reporting requirement.

7

18.     *First*, the Debtors and their non-debtor affiliates comprise a public company and have extensive public reporting obligations in the United States and elsewhere. The Debtors are required to file periodic reports with the SEC pursuant to the Securities Exchange Act of 1934 and the regulations promulgated thereunder. See, e.g., 15 U.S.C. § 78m; 17 C.F.R. § 240.13a-1. These reports include, among others, an annual report conforming to Form 10-K, quarterly reports conforming to Form 10-Q and certain current reports conforming to Form 8-K. The Debtors' SEC filings are publicly available at (a) the Debtors' investor relations website, located at http://ir.lear.com and (b) the SEC's Electronic Data Gathering, Analysis, and Retrieval (EDGAR) system, located at http://www.sec.gov/edgar.shtml. The Debtors intend to continue to file all reports required by the U.S. securities laws during the pendency of the Chapter 11 Cases.

19.     In addition, the Debtors have broad reporting obligations in the Chapter 11 Cases (*e.g.*, statements of financial affairs, schedules of assets and liabilities and monthly operating reports). See FED R. BANKR. P. 1007; Office of U.S. Trustee Region 2, U.S. Dept. of Justice, *Operating Guidelines and Reporting Requirements for Debtors in Possession and Trustees* 4 (2008). The Debtors accordingly submit that the information that has been disclosed pursuant to current reporting obligations should satisfy the requirements of Bankruptcy Rule 2015.3(a).

20.     *Second*, filing the reports required by Bankruptcy Rule 2015.3(a) for the Joint Ventures and the Debtors' other foreign and U.S. Non-Filing Entities would force the Debtors to disclose confidential proprietary information and potentially cause significant harm to the Non-Filing Entities. As discussed in the Simoncini Declaration, the Debtors' partners in the Joint Ventures have an expectation that the terms of their relationships with the Debtors and with the Joint Ventures will be kept confidential. See Simoncini Decl. ¶ 9. Filing financial reports concerning the value, operations and profitability of the Joint Ventures beyond what is provided

8

in existing public filings would require disclosure of confidential proprietary information that may damage the Debtors' relationships with their joint venture partners. See id. Additionally, disclosure of any confidential, commercially sensitive information would undermine the competitiveness of the Joint Ventures and the other Non-Filing Entities to the ultimate detriment of the Debtors and their estates.

21.     *Third*, preparing the comprehensive reports contemplated by Bankruptcy Rule 2015.3 would be unduly burdensome and would divert necessary resources away from the Debtors' efforts to emerge from the Chapter 11 Cases on an expedited basis. See id. ¶ 10. For purposes of internal management and financial tracking, the Debtors currently account for financial information regarding the Non-Filing Entities on a regional and business segment basis, and not on an entity-by-entity basis. In most cases, the Debtors do not prepare reports on the financial results of the particular entities that comprise these regional segments. See id. Accordingly, to create financial reports on an entity-level basis would be costly and unduly burdensome on the Debtors.

22.     Moreover, the Debtors currently file periodic reports with the SEC that contain consolidated financial information regarding the Debtors' businesses, including the Non-Filing Entities. Indeed, SEC Regulation S-X indicates a preference for consolidated information, providing that "[t]here is a presumption that consolidated statements are more meaningful than separate statements and that they are usually necessary for a fair presentation when one entity directly or indirectly has a controlling interest in another entity." 17 C.F.R. § 210.3A-02. The Debtors submit that such consolidated information is sufficient and strict compliance with Bankruptcy Rule 2015.3(a) would consume the Debtors' resources without providing additional information of material value.

9

23.     Further, creating entity-level financial reports would divert valuable effort and resources away from actions necessary for the Debtors to confirm and effectuate a chapter 11 plan. See id. Given the accelerated time period within which the Debtors seek to exit chapter 11, it is critical that their focus remain on the chapter 11 plan process and their overall restructuring efforts.

24.     *Lastly*, the Debtors have worked, and intend to continue to work, closely and cooperatively with the Creditors' Committee, the United States Trustee and other parties in interest in the Chapter 11 Cases that are bound by confidentiality agreements. The Debtors submit that providing specific information to the Creditors' Committee, the United States Trustee or other parties bound by confidentiality agreements, to the extent such information is requested, will allow the Debtors to protect commercially sensitive information regarding the Non-Filing Entities while, at the same time, satisfying information requests from major constituencies in the Chapter 11 Cases.

25.     In addition, permitting the Debtors to respond to specific requests for particular pieces of data, rather than requiring them to prepare intensive reports covering all of the Non-Filing Entities, will allow the Debtors to focus their efforts and resources on confirming and consummating a chapter 11 plan and promote an expeditious chapter 11 process. Accordingly, the Debtors respectfully submit that cause exists in the Chapter 11 Cases to modify the Bankruptcy Rule 2015.3(a) reporting requirements and to excuse the Debtors from filing reports with respect to the Non-Filing Entities otherwise required by Bankruptcy Rule 2015.3.

## Motion Practice

26.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this

Motion. Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

### Notice

27.   The Debtors have provided notice of this Motion to: (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the agent for the Debtors' prepetition and postpetition secured lenders; (c) counsel to the Creditors' Committee; (d) counsel to the ad hoc committee of the Debtors' unsecured noteholders; (e) the Internal Revenue Service; (f) the SEC; (g) the Environmental Protection Agency; (h) the Pension Benefit Guaranty Corporation; (i) each trustee for each of the Debtors' notes; (j) the attorneys general for each of the States in which the Debtors conduct operations; and (k) all entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002. In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

### No Prior Request

28.   No prior request for the relief sought in this Motion has been made to this or any other court.

K&E 15368726.

**Hearing Date:  August 25, 2009 at 10:00 a.m. (Eastern Time)**
**Objection Deadline:  August 20, 2009 at 4:00 p.m. (Eastern Time)**

WHEREFORE, for the reasons set forth herein, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) modifying the reporting requirements under Bankruptcy Rule 2015.3(a) for cause to excuse the Debtors from filing reports or any related official forms required by Bankruptcy Rule 2015.3(a) and (b) granting such other and further relief as is just and proper.

| | |
|---|---|
| New York, New York<br>Dated:  August 10, 2009 | <u>*/s/ Marc Kieselstein*</u><br>James H.M. Sprayregen<br>KIRKLAND & ELLIS LLP<br>601 Lexington Avenue<br>New York, New York  10022<br>Telephone:   (212) 446-4800<br>Facsimile:    (212) 446-4900<br><br>            - and -<br><br>Marc Kieselstein (admitted *pro hac vice*)<br>Ryan Blaine Bennett (admitted *pro hac vice*)<br>Paul Wierbicki (admitted *pro hac vice*)<br>KIRKLAND & ELLIS LLP<br>300 North LaSalle<br>Chicago, Illinois  60654<br>Telephone:   (312) 862-2000<br>Facsimile:    (312) 862-2200<br><br>Counsel to the Debtors and<br>Debtors in Possession |

K&E 15368726.

# EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) |
|  | ) Chapter 11 |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) |
|  | ) Case No. 09-14326 (ALG) |
| Debtors. | ) |
|  | ) Jointly Administered |
|  | ) |

**ORDER MODIFYING REPORTING REQUIREMENTS OF**
**<u>BANKRUPTCY RULE 2015.3(A) FOR CAUSE</u>**

Upon the motion (the "<u>Motion</u>")[2] of the above-captioned debtors (collectively, the "<u>Debtors</u>") for the entry of an order (this "<u>Order</u>") modifying the reporting requirements under Bankruptcy Rule 2015.3(a) for cause to excusing the Debtors from filing reports on Official Form 26 or any other reports otherwise required by Bankruptcy Rule 2015.3(a); it appearing that the relief requested is in the best interests of the Debtors' estates, their creditors and other parties in interest; the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; notice of the Motion having been adequate and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtors' federal tax identification number (if any), include: Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 21557 Telegraph Road, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

appropriate under the circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1. The Motion is granted as set forth herein.

2. The Debtors shall not be required to file any reports or related official forms required by Bankruptcy Rule 2015.3 for any of the Non-Filing Entities.

3. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

4. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2009

                United States Bankruptcy Judge

K&E 15368726.