Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200


Counsel to the Debtors and Debtors in
Possession

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559


Conflicts Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEAR CORPORATION, et al.,[1] | ) | Case No. 09-14326 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## NOTICE OF PRESENTMENT OF DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING PROCEDURES FOR OMNIBUS OBJECTIONS TO PROOFS OF CLAIM

 **PLEASE TAKE NOTICE** that, upon the attached *Debtors' Motion for Entry of an Order Approving Procedures for Omnibus Objections to Proofs of Claim* (the "Motion") the undersigned counsel for the above-captioned debtors (collectively, the "Debtors") intends to

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax identification number (if any), include: Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 21557 Telegraph Road, Southfield, Michigan 48033.

present to the Honorable Allan L. Gropper of the United States Bankruptcy Court for the Southern District of New York (the "<u>Bankruptcy Court</u>"), Alexander Hamilton Custom House, One Bowling Green, Room 617, New York, New York 10004, for signature on **November 30, 2009 at 12:00 p.m. (Eastern Time)**, the proposed *Order Approving Procedures for Omnibus Objections to Proofs of Claim* (the "<u>Order</u>")

**PLEASE TAKE FURTHER NOTICE** that any **responses or objections to the relief requested in the Motion** must be in writing, shall conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York and shall be filed with the Bankruptcy Court electronically by registered users of the Bankruptcy Court's case filing system (the User's Manual for the Electronic Case Filing System can be found at <u>www.nysb.uscourts.gov</u>, the official website for the Bankruptcy Court) and by all other parties in interest, on a 3.5-inch disk, in text-searchable Portable Document Format (PDF), Wordperfect or any other Windows-based word processing format (in either case, with a hard copy marked "<u>Chambers Copy</u>" and delivered directly to the Bankruptcy Court) and shall be served so as to be actually received by no later than **November 30, 2009 at 11:30 a.m. (Eastern Time)** by the following parties: (a) the Debtors, 21557 Telegraph Road, Southfield, Michigan 48033, Attn: Terrence B. Larkin; (b) the undersigned counsel to the Debtors at the addresses set forth below; (c) the Office of the United States Trustee for the Southern District of New York, 33 Whitehall Street, 21st Floor, New York, New York 10004, Attn: Paul K. Schwartzberg; (d) counsel to the official committee of unsecured creditors, Lowenstein Sandler PC, 65 Livingston Avenue, Roseland, New Jersey 07068, Attn: Sharon L. Levine; (e) counsel to the agent for the Debtors' prepetition and postpetition secured lenders, Simpson Thacher & Bartlett LLP, 425 Lexington Avenue, New York, New York 10017, Attn: Kenneth S. Ziman; (f) counsel to the ad hoc

K&E 15793156.10

committee of the Debtors' unsecured noteholders, Stroock & Stroock & Lavan LLP, 180 Maiden Lane, New York, New York 10038, Attn: Kristopher M. Hansen; (g) Spencer Stuart, 277 Park Avenue, 32nd Floor, New York, New York 10172, Attn: Julie Hembrock Daum; (h) the Internal Revenue Service, 500 North Capitol Street NW, Washington, D.C. 20221; (i) the Securities and Exchange Commission, 100 F Street NE, Washington, D.C. 20549; (j) the Environmental Protection Agency, Ariel Rios Building, 1200 Pennsylvania Avenue NW, Washington, D.C. 20460; (k) the Pension Benefit Guaranty Corporation, 1200 K Street NW, Washington, D.C. 20005; (l) each trustee for each of the Debtors' notes; (m) the attorneys general for each of the States in which the Debtors conduct operations; and (n) all entities that have filed a request for service of filings in the above-captioned chapter 11 cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure.

**PLEASE TAKE FURTHER NOTICE** that unless a written objection to the Motion with proof of service is filed with the Bankruptcy Court by **11:30 a.m. (Eastern Time) on November 30, 2009**, there will not be a hearing on the Motion, and the Order may be signed.

**PLEASE TAKE FURTHER NOTICE** that if a written objection is timely filed, a hearing on the Motion, along with any written objection timely served, will be held in the Bankruptcy Court on December 15, 2009 at 10:00 a.m. (Eastern Time). The moving and objecting parties are required to attend the hearing, and failure to attend in person or by counsel may result in relief being granted or denied upon default.

K&E 15793156.10

New York, New York
Dated: November 6, 2009

/s/ Ryan Blaine Bennett
Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

Counsel to the Debtors and
Debtors in Possession

      - and -

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:   (212) 696-6000
Facsimile:   (212) 697-1559

Conflicts Counsel to the Debtors
and Debtors in Possession

K&E 15793156.10

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone: (212) 696-6000
Facsimile: (212) 697-1559

Counsel to the Debtors and Debtors in
Possession

Conflicts Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) | Case No. 09-14326 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER APPROVING
## PROCEDURES FOR OMNIBUS OBJECTIONS TO PROOFS OF CLAIM

The above-captioned debtors (collectively, the "<u>Debtors</u>") hereby move the Court,

pursuant to this motion (this "<u>Motion</u>"), for the entry of an order, substantially in the form

attached hereto as <u>Exhibit A</u>, approving and authorizing procedures for omnibus objections to

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax identification number (if any), include: Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 21557 Telegraph Road, Southfield, Michigan 48033.

proofs of claim (each a "Claim" and, collectively, the "Claims") as set forth in <u>Annex 1</u> to <u>Exhibit A</u> attached hereto (the "Claims Objection Procedures").  In support of this Motion, the Debtors respectfully state as follows:

**Jurisdiction**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief requested herein are sections 105(a), 363(b) and 502(a) of the Bankruptcy Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

**Background**

*General Background*

4.      On July 7, 2009 (the "Petition Date"), each of the Debtors commenced these chapter 11 cases (the "Chapter 11 Cases") to permit them to restructure their balance sheets and operations to restore profitability.  The Debtors are operating their businesses and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  On the Petition Date, the Court entered an order authorizing the joint administration and procedural consolidation of the Chapter 11 Cases pursuant to Bankruptcy Rule 1015(b).  On July 14, 2009, the United States Trustee (the "U.S. Trustee") appointed an official committee of unsecured creditors pursuant to section 1102 of the Bankruptcy Code (the "Creditors' Committee").  No trustee or examiner has been requested or appointed in the Chapter 11 Cases.

5.      On September 18, 2009, the Debtors filed the *Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 633] (as may be amended from time to time, the "Plan").  The Debtors' Plan conforms to the terms of their

2

chapter 11 plan term sheet and provides for a comprehensive balance sheet restructuring. Confirmation and consummation of the Plan will allow the Debtors to remain a viable, competitive going forward business with a financially sound capital structure. The Plan also provides that the Debtors' trade creditors will be paid in full. The Debtors believe that such payment will allow them to continue operations with minimal disruption and preserve enterprise value for the benefit of the Debtors' estates and creditors.

6.       On September 18, 2009, the Court held a hearing to approve the disclosure statement related to the Plan [Docket No. 634] (the "Disclosure Statement") and entered an order approving the Disclosure Statement and certain dates and procedures regarding solicitation of acceptance of the Plan [Docket No. 631] (the "Disclosure Statement Order"). On or about September 25, 2009, the Debtors commenced solicitation of acceptance of the Plan. The Plan was overwhelmingly accepted by each class of creditors entitled to vote on the Plan.[2] The Court confirmed the Plan on November 5, 2009 [Docket No. 1070].

### *Claims Bar Date and Claims Objection Procedures*

7.       On August 20, 2009, the Court entered an order establishing October 2, 2009, as the general claims bar date in the Chapter 11 Cases [Docket No. 449]. Since the Petition Date and the entry of the claims bar date order, over 2,500 proofs of claim have been filed by claimants (each a "Claimant" and, collectively, the "Claimants") against one or more of the Debtors in the Chapter 11 Cases. Article VII.B of the Plan provides the Debtors with authority to settle Claims without further court order.

---

[2]       See *Certification of Alison M. Tearnen Pursuant to Local Bankruptcy Rule 3018-1(a) with Respect to the Tabulation of Votes on the Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* [Docket No. 994].

8. Notwithstanding the Debtors' authority to settle disputed Claims under Article VII.B of the Plan, based upon the large number of proofs of claim, the Debtors expect that they may have to file formal objections to certain proofs of claim (each an "Objection" and, collectively, the "Objections"). In an effort to conserve resources and to utilize time and effort most efficiently, the Debtors have designed the Claims Objection Procedures to facilitate an expeditious and efficient Claims resolution process.

9. Recognizing that Bankruptcy Rule 3007 seeks to provide creditors with transparency and clarity regarding omnibus claims objections, the Debtors have tailored the Claims Objection Procedures to protect Claimants' due process rights and achieve administrative and judicial economy. The Claims Objection Procedures will help streamline the Claims objection process, and the Debtors, creditors, the Court and all parties in interest will benefit from the resulting administrative efficiencies.

10. The Claims Objection Procedures provide adequate notice to and protect the due process rights of the Debtors' creditors. An individualized notice of each Objection will be served upon each Claimant whose Claim is objected to by an omnibus Objection, which will inform the Claimant of the Objection, the grounds for the Objection and the relief sought therein. Requiring the Debtors to file an individual Objection to each Claim would be overly burdensome, costly, time consuming and unnecessary.

11. The Claims Objection Procedures also provide the framework for scheduling hearings on contested Claims. To further conserve administrative and judicial resources, the Debtors anticipate scheduling hearings to consider contested Claim matters. Each Claimant with a contested Claim that files a response (each a "Response) will be served with a notice of hearing

and will have adequate opportunity to resolve any such contested Claim matter with the Debtors before such hearing.

## **Relief Requested**

12.     By this Motion, the Debtors seek entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, approving and authorizing the Claims Objection Procedures set forth in <u>Annex 1</u> to <u>Exhibit A</u> attached hereto.

## **Basis for Relief**

13.     Section 502(a) of the Bankruptcy Code provides that "[a] claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  The Local Bankruptcy Rules for the Southern District of New York (the "<u>Local Bankruptcy Rules</u>") do not set forth detailed guidelines pursuant to which a debtor can file omnibus objections to proofs of claim.

14.     Further, Bankruptcy Rule 3007 allows for omnibus claims objections only in certain cases generally confined to instances in which a debtor objects to proofs of claim on strictly procedural grounds.  <u>See</u> FED. R. BANKR. P. 3007(d).  Bankruptcy Rule 3007(d) provides in pertinent part as follows:

> objections to more than one claim may be joined in an omnibus objection if all the claims were filed by the same entity, or the objections are based solely on the grounds that the claims should be disallowed, in whole or in part, because:
>
> (1)     they duplicate other claims;
>
> (2)     they have been filed in the wrong case;
>
> (3)     they have been amended by subsequently filed proofs of claim;
>
> (4)     they were not timely filed;

(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, or a court order;

(6) they were presented in a form that does not comply with applicable rules, and the objection states that the objector is unable to determine the validity of the claims because of the noncompliance;

(7) they are interests, rather than claims; or

(8) they assert priority in an amount that exceeds the maximum amount under § 507 of the Code.

Id.

15.     As noted above, although the Plan provides that the Debtors may settle or compromise disputed Claims without need for further court order or approval, the Debtors may need to file Objections to certain proofs of claim as they work to reconcile Claims.  In an effort to conserve resources the Debtors have developed the Claims Objection Procedures to supplement Bankruptcy Rule 3007 and facilitate an expeditious and efficient Claims resolution process.

16.     The Court has authority to approve the Claims Objection Procedures pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a) provides, in pertinent part, that a bankruptcy court may "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."  11 U.S.C. § 105(a).  Under section 105(a) of the Bankruptcy Code, the Court has expansive equitable power to fashion any order or decree that is in the interest of preserving or protecting the value of the debtor's assets.  See In re Keene Corp., 168 B.R. 285, 292 (Bankr. S.D.N.Y. 1994) ("Under 11 U.S.C. § 105(a), the Court can 'use its equitable powers to assure the orderly conduct of the reorganization proceedings.'") (citation omitted).

17.     Authorizing the Claims Objection Procedures is an appropriate use of the Court's powers under section 105 of the Bankruptcy Code to effect the provisions of section 502 of the Bankruptcy Code.  The Local Bankruptcy Rules do not supplement Bankruptcy Rule 3007 or set forth specific guidelines pursuant to which a debtor can file omnibus objections to proofs of claim.  Thus, it is appropriate for the Court to approve the Claims Objection Procedures in the Chapter 11 Cases due to the volume of Claims that may need to be reconciled.  The Claims Objection Procedures will enhance the efficient administration of the Debtors' cases while ensuring that Claimants receive appropriate due process.

18.     Notably, the Claims Objection Procedures are designed to ensure that each proof of claim is carefully reviewed and that all Claimants receive appropriate due process protection, while at the same time facilitating the rapid, efficient and economic resolution of the Objections.[3] The Debtors intend to effectuate service that fully complies with the Bankruptcy Code and other due process requirements.  In addition, to the extent that a Claimant responds to an Objection filed in accordance with the Claims Objection Procedures, each such Response will constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any first scheduled hearing on a contested matter will comply with Local Bankruptcy Rule 9014-2.

19.     The Debtors intend to serve a given Objection on the party whose name appears on the signature block of the applicable proof of claim and to any parties that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.[4]

---

[3]     The Debtors reserve the right to request additional or supplemental procedures (including but not limited to alternative dispute resolution procedures) for the resolution of certain Claims.

[4]     Where the Claimant is a corporation, service upon the signatory of the proof of claim as an authorized agent of such corporation satisfies the requirements of Bankruptcy Rule 7004, which provides, in pertinent part, that "[s]ervice may be made . . . as follows: . . . [u]pon a domestic or foreign corporation . . . by mailing a copy of

(Continued…)

K&E 15793156.10

20.     As set forth in more detail in <u>Annex 1</u> to <u>Exhibit A</u> attached hereto, the Claims Objection Procedures provide a detailed framework for the litigation and resolution of Objections.  The Claims Objection Procedures establish, among other things, the timeframes for the filing of any Responses to the Objections and any replies thereto filed by the Debtors.  In addition, the Claims Objection Procedures detail the information that the Debtors must include in the Objections and the information that Claimants must include in any Responses to the Objections and establish procedures for the scheduling of discovery (where necessary) and hearings on the Objections.

21.     The Claims Objection Procedures are tailored to streamline the Claims objection process in light of the number of Claims filed in these cases, while protecting the due process rights of Claimants.  The Debtors' Claims Objection Procedures are reasonable and necessary to effectively administer the Claims objection process in the Chapter 11 Cases.

22.     The Debtors submit that the Claims Objection Procedures serve to protect and preserve the value of the Debtors' estates for the benefit of all creditors.

23.     Further, the Claims Objection procedures are similar to claims objection procedures established by courts in this and other jurisdictions in other large chapter 11 cases to resolve disputed proofs of claim.[5]  <u>See</u>, <u>e.g.</u>, <u>In re Tronox, Inc.</u>, No. 09-10156 (ALG) (Bankr. S.D.N.Y. Oct. 26, 2009) [Docket No. 799]; <u>In re Lyondell Chem. Co.</u>, No. 09-10023 (REG) (Aug. 11, 2009) [Docket No. 2481]; <u>In re Dana Corp.</u>, No. 06-10534 (BRL) (Bankr. S.D.N.Y. Nov. 9, 2006) [Docket No. 4044]; <u>In re Delta Air Lines, Inc.</u>, No. 06-17923 (Bankr. S.D.N.Y.

---

the summons and complaint to the attention of an officer, a managing or general agent, or, to any other agent authorized by appointment . . . to receive service of process." FED. R. BANKR. P. 7004(b)(3).

[5]     The Debtors have based the Claims Objection Procedures substantially on the procedures approved by the Court in <u>In re Tronox, Inc.</u>, No. 09-10156 (ALG) (Bankr. S.D.N.Y. Oct. 26, 2009) [Docket No. 799].

Oct. 12, 2006) [Docket No. 3382]; In re Northwest Airlines Corp., No. 05-17930 (ALG) (Bankr. S.D.N.Y. Sept. 13, 2006) [Docket No. 3546]; In re Mirant Corp., No. 03-46590 (DML) (Bankr. N.D. Tex. June 8, 2004) [Docket No. 4233].

## Motion Practice

24.     This Motion includes citations to the applicable rules and statutory authorities upon which the relief requested herein is predicated, and a discussion of their application to this Motion.  Accordingly, the Debtors submit that this Motion satisfies Rule 9013-1(a) of the Local Bankruptcy Rules for the Southern District of New York.

## Notice

25.     The Debtors have provided notice of this Motion to:  (a) the Office of the United States Trustee for the Southern District of New York; (b) counsel to the agent for the Debtors' prepetition and postpetition secured lenders; (c) counsel to the Creditors' Committee; (d) counsel to the ad hoc committee of the Debtors' unsecured noteholders; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) the Environmental Protection Agency; (h) the Pension Benefit Guaranty Corporation; (i) each trustee for each of the Debtors' notes; (j) the attorneys general for each of the States in which the Debtors conduct operations; and (k) all entities that have filed a request for service of filings in the Chapter 11 Cases pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

## No Prior Request

26.     No prior request for the relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as <u>Exhibit A</u>, (a) approving and authorizing the Claims Objection Procedures set forth in <u>Annex 1</u> to <u>Exhibit A</u> attached hereto and (b) granting such other and further relief as is just and proper.

New York, New York
Dated:  November 6, 2009

*/s/ Ryan Blaine Bennett*

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200

Counsel to the Debtors and
Debtors in Possession

      - and -

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:     (212) 696-6000
Facsimile:      (212) 697-1559

Conflicts Counsel to the Debtors
and Debtors in Possession

**EXHIBIT A**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| LEAR CORPORATION, et al.,[1] | ) Case No. 09-14326 (ALG) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) |

## ORDER APPROVING PROCEDURES FOR
## OMNIBUS OBJECTIONS TO PROOFS OF CLAIM

Upon the motion (the "Motion")[2] of the above-captioned debtors (collectively, the

"Debtors") for the entry of an order (this "Order") approving and authorizing the Claims

Objection Procedures set forth in Annex 1 hereto; it appearing that the relief requested is in the

best interests of the Debtors' estates, their creditors and other parties in interest; the Court having

jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157

and 1334; consideration of the Motion and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); venue being proper before the Court pursuant to 28 U.S.C.

§§ 1408 and 1409; notice of the Motion having been adequate and appropriate under the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax identification number (if any), include: Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 21557 Telegraph Road, Southfield, Michigan 48033.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

circumstances; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED that:

1.      The Motion is granted as set forth herein.

2.      The Claims Objection Procedures set forth on <u>Annex 1</u> hereto are approved.

3.      As set forth in the Plan, the Debtors are authorized to settle or compromise any disputed Claim without any further notice to or action, order or approval by the Court.

4.      The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion and the requirements of Bankruptcy Rule 6004(a) and the local rules of the Court are satisfied by such notice.

6.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

New York, New York
Date: _____, 2009

_____
United States Bankruptcy Judge

K&E 15793156.10

# ANNEX 1

## Claims Objection Procedures

## ANNEX 1

### Claims Objection Procedures[1]

## I.     Omnibus Objections

1.     **Grounds for Omnibus Objection.**  The Debtors may file omnibus Objections to Claims on any grounds.

2.     **Form of Omnibus Objection.**     Omnibus Objections will be numbered consecutively, regardless of basis.

3.     **Number of Proofs of Claim per Omnibus Objection.**  The Debtors may object to no more than 750 Claims per omnibus Objection.

4.     **Supporting Documentation.**  To the extent appropriate, omnibus Objections may be accompanied by an affidavit or declaration that states that the affiant or the declarant has reviewed the Claims included therein and applicable supporting information and documentation provided therewith, made reasonable efforts to research the Claim on the Debtors' books and records and believes such documentation does not provide *prima facie* evidence of the validity and amount of such Claims.

5.     **Claims Exhibits.**  An exhibit listing the Claims that are subject to the omnibus Objection will be attached to each Omnibus Objection.  Each exhibit will only contain those Claims to which there is a common basis for the omnibus Objection.  Claims for which there is more than one basis for an omnibus Objection will be referenced on a separate applicable exhibit.  Each exhibit will include, among other things, the following information:

   a.     an alphabetized list of the Claimants whose Claims are the subject of the Objection;

   b.     the claim numbers of the Claims that are the subject of the Objection;

   c.     the grounds for the objections that are the subject of the Objection; and

   d.     a reference to the paragraph(s) of the omnibus Objection in which the grounds for the Objection is discussed.

   Where applicable, additional information may be included in the exhibits, including:  for Claims that the Debtors seek to reclassify, the proposed classification of such Claims; for Objections in which the Debtors seek to reduce

---

[1]     Capitalized terms used but not defined herein shall have the meanings ascribed to them in the motion for entry of an order authorizing and approving these Claims Objection Procedures.

the amount of Claims, the proposed reduced Claim amount; and for Claims that the Debtors seek to expunge, the proposed surviving Claims if applicable.

6.  **Omnibus Objection Notice.**  Each omnibus Objection will be accompanied by a notice of such omnibus Objection, without exhibits (each, an "<u>Objection Notice</u>"), substantially in the form attached hereto as <u>Appendix A</u>.  The Objection Notice shall, among other things:

    a.    describe the basic nature of the Objection;

    b.    inform Claimants that their rights may be affected by the Objection and encourage them to read the Objection carefully;

    c.    identify a response date and describe the procedures for filing a written Response to the Objection;

    d.    identify a hearing date, if applicable, and related procedures; and

    e.    describe how copies of Claims, the Omnibus Objection and other pleadings in the Chapter 11 Cases may be obtained.

    The Objection Notice shall be in substantially the form attached hereto as <u>Appendix A</u> but shall be tailored specifically to address a particular Claimant or grounds for a particular Objection.

7.  **Omnibus Hearings.**  The Debtors propose to schedule a return date for omnibus Objections at hearings scheduled in accordance with the Court's availability and calendar.  For Claims subject to an Objection and with respect to which no Response is filed in accordance with the proposed response procedures but is resolved prior to the hearing thereon, the Debtors shall schedule a hearing to request that the Court enter an order granting the Objection with respect to such Claim.  A contested Claim for which a Response is filed will be automatically adjourned, and, as set forth in Article VII.B of the Plan, the Debtors shall have the authority to settle such Claims without further court order or a hearing.  If such Claims cannot be resolved, and a hearing is determined to be necessary, the Debtors shall file with the Court and serve on the Claimants a notice, substantially in the form attached hereto as <u>Appendix B</u>, of the hearing, the date of which shall be determined in consultation with the Claimants.  Such hearing shall be scheduled at least 30 days after the date on which the Objection was filed.

8.  **Order if No Response.**  The Debtors may submit an order to the Bankruptcy Court sustaining each Objection with respect to Claims for which the Debtors did not receive a timely Response without further notice to the respective Claimants.  The Debtors may submit an order for Claims in an Objection to which no Response is filed, even if there are Responses to certain Claims included in such Objection.  Upon entry of an order, Kurtzman Carson Consultants LLC, the claims agent retained by the Debtors in the Chapter 11 Cases ("<u>KCC</u>"), shall serve each Claimant whose Claim is the subject of the order entered with respect to an

Objection with a copy of such order, without exhibits, and a personalized notice of entry of order, substantially in the form attached hereto as <u>Appendix C</u>, specifically identifying such Claimant's Claim that is subject to the order, the Court's treatment of such Claim, and the basis for such treatment and advising the Claimant of its ability to request the order with exhibits from KCC.

9.   **Each Objection Is a Contested Matter.**  Each Claim subject to an Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy Rule 9014, and any order entered by the Bankruptcy Court will be deemed a separate order with respect to such Claim.  In accordance with Local Bankruptcy Rule 9014-2, the first hearing on any Objection contested with respect a particular Claim will not be an evidentiary hearing.

## II.   <u>Responses to Objections</u>

Any party who disagrees with an Objection is required to file a Response in accordance with the procedures set forth herein.  If a Claimant whose Claim is subject to an Objection does not file and serve a Response in compliance with the procedures below, the Court may grant the Objection with respect to such Claim without further notice to the Claimant.

1.   **Contents.**  Each Response must contain the following (at a minimum):

   a.   a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;

   b.   a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including, without limitation, the specific factual and legal bases upon which the Claimant will rely in opposing the Objection;

   c.   a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the Claimant will rely in opposing the Objection; such documentation must be sufficient to establish a *prima facie* right to payment, <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary or otherwise protected information in the Response; and <u>provided</u>, <u>further</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

   d.   a declaration of a person with personal knowledge of the relevant facts that support the Response; and

e.      the Claimant's name, address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the Claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "Notice Addresses").  If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of the Claimant's Claims subject to an Objection.

2.      **Additional Information.**  To facilitate a resolution of the Objection, the Response should also include the name, address, telephone number, facsimile number, and electronic mail address of the party with authority to reconcile, settle or otherwise resolve the Objection on the Claimant's behalf (the "Additional Addresses").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

3.      **Failure to Timely File a Response.**  If the Claimant fails to file and serve a Response on or before the deadlines set forth herein, the Debtors will present to the Court an appropriate order granting the relief requested in the Objection without further notice to the Claimant.

4.      **Filing and Service of the Response.**  A written Response to an Objection, consistent with the requirements described herein and in the Notice, will be deemed timely filed only if the Response is actually received by the Court on or before the deadline to respond.  A written Response to an Objection, consistent with the requirements described herein and in the Notice, will be deemed timely served only if a copy of the Response is actually received on or before the deadline to respond by counsel to the Debtors at the following addresses:

| | |
|---|---|
| Ryan Blaine Bennett | Steven J. Reisman |
| Paul Wierbicki | Lara R. Sheikh |
| KIRKLAND & ELLIS LLP | CURTIS, MALLET-PREVOST, |
| 300 North LaSalle | COLT & MOSLE LLP |
| Chicago, Illinois  60654 | 101 Park Avenue |
| | New York, New York  10178-0061 |

## III.   Settlement of Claims

The Debtors shall be permitted to settle or compromise Claims in accordance with the applicable provisions of the Plan.  Specifically, as provided in Article VII.B of the Plan, the Debtors

shall have the sole authority: (1) to File, withdraw or litigate to judgment, objections to Claims or Interests; (2) to settle or compromise any Disputed Claim without any further notice to or action, order or approval by the Bankruptcy Court; and (3) to administer and adjust the Claims Register to reflect any such settlements or compromises without any further notice to or action, order or approval by the Bankruptcy Court.

**IV.**     <u>**Reservation of Rights**</u>

Nothing in any Objection or in any Objection Notice will constitute a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment or any other claims of the Debtors against a Claimant, or to seek estimation of any claim or to object to claims on any basis not previously set forth in an Objection. Unless the Court allows a Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claim (or to any other Claims or causes of action filed by a Claimant or that have been scheduled by the Debtors) at a later date. In such event, the respective Claimant will receive a separate notice of any such Objections.

## Objection Notice

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200


Counsel to the Debtors and Debtors in
Possession

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York  10178
Telephone:     (212) 696-6000
Facsimile:     (212) 697-1559


Conflicts Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | ) Chapter 11 |
|  | ) |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) Case No. 09-14326 (ALG) |
|  | ) |
| Debtors. | ) Jointly Administered |
|  | ) |

<u>NOTICE OF DEBTORS' [_____] OMNIBUS OBJECTION TO CLAIMS</u>

**PLEASE TAKE NOTICE** that, on the date hereof, the above-captioned debtors (the

"<u>Debtors</u>") filed with the Court the *Debtors' [_____] Omnibus Objection to Claims*, attached

hereto as <u>Exhibit 1</u> (the "<u>Objection</u>").  By the Objection, the Debtors are seeking to disallow

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax identification number (if any), include:  Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  21557 Telegraph Road, Southfield, Michigan 48033.

certain claims (each a "Claim" and, collectively, the "Claims") filed in their chapter 11 cases (the "Chapter 11 Cases") on the grounds that the Claims are [_____].

**PLEASE TAKE FURTHER NOTICE** that, on [_____], 2009, the Court entered the *Order Approving Procedures for Omnibus Objections to Proofs of Claim* [Docket No. ___] (the "Order"), by which the Court approved procedures for filing omnibus objections to Claims in the Chapter 11 Cases (the "Claims Objection Procedures").

**PLEASE TAKE FURTHER NOTICE** that the Objection seeks to disallow Claims, including your Claim listed below in the "Claim to Be Disallowed" row but does not seek to alter your Claim listed below in the "Surviving Claim" row.

| Claimant Name | | Claim Number | Claim Amount |
|---|---|---|---|
| [Claimant] | **Claim to Be Disallowed** | [Claim Number] | [Claim Amount] |
| [Claimant] | **Surviving Claim** | [Claim Number] | [Claim Amount] |

**YOU ARE RECEIVING THIS NOTICE BECAUSE THE ABOVE CLAIM THAT YOU FILED AGAINST ONE OR MORE OF THE DEBTORS IN THE CHAPTER 11 CASES IS SUBJECT TO THE OBJECTION.  YOUR RIGHTS MAY BE AFFECTED BY THE OBJECTION.  ACCORDINGLY, YOU SHOULD READ THIS NOTICE AND THE OBJECTION CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY.  IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.**

**PURSUANT TO RULE 3007(a) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURES AND THE CLAIMS OBJECTION PROCEDURES, UNLESS A WRITTEN RESPONSE IS FILED WITH THE COURT AND SERVED ON THE DEBTORS WITHIN 20 DAYS OF THE SERVICE OF THE OBJECTION, THE COURT**

**MAY ENTER AN ORDER GRANTING THE RELIEF REQUESTED WITHOUT A HEARING.**

<u>**INFORMATION FOR CLAIMANTS THAT CHOOSE TO FILE A RESPONSE**</u>

**Who Needs to File a Response.** If you oppose the disallowance of your Claim listed above and are unable to resolve the Objection with the Debtors before the response deadline, then you must file and serve a written response (the "<u>Response</u>") to the Objection in accordance with the Claims Objection Procedures and this notice. If you do not oppose the disallowance of your Claim listed above, then you do not need to file a Response to the Objection, and you do not need to appear at a hearing.

**Response Deadline.** The response deadline is **[_____], 2009 at 4:00 p.m. (Eastern Time)**. **THE COURT WILL ONLY CONSIDER THE RESPONSE IF THE RESPONSE IS FILED, SERVED AND RECEIVED BY THE RESPONSE DEADLINE.**

The Response will be timely filed only if it is filed electronically with the Court on the docket of the Chapter 11 Cases by a registered user of the Court's electronic filing system or actually received in hard copy and on a 3.5-inch computer disk on or before the response deadline by the Court at the following address:

> Judge Allan L. Gropper
> United States Bankruptcy Court
> Southern District of New York
> Alexander Hamilton Customs House
> One Bowling Green
> New York, New York 10004

In addition, the Response will be timely served only if a copy of the Response is actually received on or before the response deadline by counsel to the Debtors at the following addresses:

Ryan Blaine Bennett                 Steven J. Reisman
Paul Wierbicki                      Lara R. Sheikh
KIRKLAND & ELLIS LLP                CURTIS, MALLET-PREVOST,
300 North LaSalle                   COLT & MOSLE LLP
Chicago, Illinois  60654            101 Park Avenue
                                    New York, New York  10178-0061

**Status Hearing.**  A status hearing on the Objection will be held before the Honorable

Allan L. Gropper on **[_____], 2009 at [_____] (Eastern Time)** at

> Room 617
> United States Bankruptcy Court
> Southern District of New York
> Alexander Hamilton Customs House
> One Bowling Green
> New York, New York  10004

In accordance with the Claims Objection Procedures, **if you file a timely Response, you do not need to appear at the status hearing on the Objection**.  The Debtors will determine a hearing date in consultation with you, and you will receive a subsequent notice of hearing from the Debtors, which will indicate when you may be required to appear at a hearing.  Any such hearing shall be scheduled at least 30 days after the date on which the Objection was filed.  You and/or your counsel may appear via telephone in accordance with the *Final Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 268].   The Debtors may file a reply to the Response not less than three (3) days before the evidentiary hearing.

**Contents of Response.**  The Response must contain the following (at a minimum):

> a.      a caption setting forth the name of the Court, the name of the Debtors, the case number and the title of the Objection to which the Response is directed;
>
> b.      a concise statement setting forth the reasons why the Court should not grant the Objection with respect to such Claim, including, without limitation, the specific factual and legal bases upon which the claimant will rely in opposing the Objection;

c.   a copy of any other documentation or other evidence of the Claim, to the extent not already included with the Claim, upon which the Claimant will rely in opposing the Objection; such documentation must be sufficient to establish a *prima facie* right to payment, <u>provided</u>, <u>however</u>, that the Claimant need not disclose confidential, proprietary or otherwise protected information in the Response; and <u>provided</u>, <u>further</u>, that the Claimant shall disclose to the Debtors all information and provide copies of all documents that the Claimant believes to be confidential, proprietary, or otherwise protected and upon which the Claimant intends to rely in support of its Claim, subject to appropriate confidentiality constraints;

d.   a declaration of a person with personal knowledge of the relevant facts that support the Response; and

e.   the Claimant's name, address, telephone number and facsimile number and/or the name, address, telephone number and facsimile number of the Claimant's attorney or designated representative to whom the attorneys for the Debtors should serve a reply to the Response, if any (collectively, the "<u>Notice Addresses</u>").  If a Response contains Notice Addresses that are different from the name and/or address listed on the Claim, the Notice Addresses will control and will become the service address for future service of papers with respect to all of the Claimant's Claims subject to an Objection.

**Additional Information.**  To facilitate a resolution of the Objection, the Response should also include the name, address, telephone number, facsimile number, and electronic mail address of the party with authority to reconcile, settle or otherwise resolve the Objection on the Claimant's behalf (the "<u>Additional Addresses</u>").  Unless the Additional Addresses are the same as the Notice Addresses, the Additional Addresses will not become the service address for future service of papers.

**Failure to Timely File a Response.**  If the Claimant fails to file and serve a Response on or before the deadlines set forth herein, the Debtors will present to the Court an appropriate order granting the relief requested in the Objection without further notice to the Claimant.

**Each Objection Is a Contested Matter.**  Each Claim subject to the Objection and the Response thereto shall constitute a separate contested matter as contemplated by Bankruptcy

Rule 9014, and any order entered by the Court will be deemed a separate order with respect to such claim.

## ADDITIONAL INFORMATION

**Requests for Information.** You may obtain copies of the Objection or other documents filed in or related to the Chapter 11 Cases by accessing the Court's website, available at www.ecf.nysb.uscourts.gov, or by accessing the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), at www.kccllc.net/lear. Further information may be obtained by calling KCC at 866-927-7093 within the United States or Canada. Callers from outside the United States and Canada may call 310-751-2659.

**Reservation of Rights.** Nothing in the Objection or in this notice constitutes a waiver of the right to assert any claims, counterclaims, rights of offset or recoupment or any other claims of the Debtors against you, or to seek estimation of any claim or to object to claims on any basis not previously set forth in the Objection. Unless the Court allows a Claim or specifically orders otherwise, the Debtors have the right to object on any grounds to the Claim (or to any other Claims or causes of action filed by you or scheduled by the Debtors) at a later date. In such event, you will receive a separate notice of any such objections.

New York, New York
Dated: [_____], 2009

/s/ Ryan Blaine Bennett

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and
Debtors in Possession

- and -

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

Conflicts Counsel to the Debtors
and Debtors in Possession

# APPENDIX B

## Notice of Hearing

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200


Counsel to the Debtors and Debtors in
Possession

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:     (212) 696-6000
Facsimile:     (212) 697-1559


Conflicts Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) | Case No. 09-14326 (ALG) |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF HEARING ON DEBTORS'**
**[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE TAKE NOTICE** that, pursuant to the *Debtors' [_____] Omnibus Objection*

*to Claims* [Docket No. ___] (the "<u>Objection</u>") filed by the above-captioned debtors (the

---

[1]     The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax identification number (if any), include:  Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC (4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is:  21557 Telegraph Road, Southfield, Michigan 48033.

"Debtors") in their chapter 11 cases (the "Chapter 11 Cases"), the Debtors objected to proof of claim number [___] (the "Claim"), filed by [_____] (the "Claimant").

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the *Order Approving Procedures for Omnibus Objections to Proofs of Claim* [Docket No. ___] (the "Order"), a hearing on the merits of the Claim has been scheduled before the Honorable Allan L. Gropper on **[_____], 2009 at [_____] (Eastern Time)** at

> Room 617
> United States Bankruptcy Court
> Southern District of New York
> Alexander Hamilton Customs House
> One Bowling Green
> New York, New York  10004

**PLEASE TAKE FURTHER NOTICE** that the hearing will proceed in accordance with the procedures provided in the Order, the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules for the Southern District of New York.  Please review the Order and the Objection carefully.  Failure to appear at the hearing or to comply with the procedures in the Order could result in the Court granting the relief requested by the Debtors.  The Claimant and/or the Claimant's counsel may appear via telephone in accordance with the *Final Order Establishing Certain Notice, Case Management and Administrative Procedures* [Docket No. 268].

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of the Objection, the Order or other documents filed in or related to the Chapter 11 Cases by accessing the Court's website, available at www.ecf.nysb.uscourts.gov, or by accessing the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), at www.kccllc.net/lear. Further information may be obtained by calling KCC at 866-927-7093 within the United States or Canada.  Callers from outside the United States and Canada may call 310-751-2659.

**PLEASE TAKE FURTHER NOTICE** that the Debtors may adjourn the hearing at any time at least two (2) business days prior to the scheduled hearing date upon notice to the Court and to the Claimant.

New York, New York
Dated:  [_____], 2009

/s/ Ryan Blaine Bennett

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:     (312) 862-2200

Counsel to the Debtors and
Debtors in Possession

- and -

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:     (212) 696-6000
Facsimile:     (212) 697-1559

Conflicts Counsel to the Debtors
and Debtors in Possession

# APPENDIX C

## Notice of Entry of Order Granting Objection

Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200


Counsel to the Debtors and Debtors in
Possession

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York  10178
Telephone:     (212) 696-6000
Facsimile:      (212) 697-1559


Conflicts Counsel to the Debtors and
Debtors in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| LEAR CORPORATION, <u>et al.</u>,[1] | ) | Case No. 09-14326 (ALG) |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**NOTICE OF ENTRY OF ORDER GRANTING DEBTORS'**
**[_____] OMNIBUS OBJECTION TO CLAIMS**

**PLEASE  TAKE  NOTICE**  that,  on  [_____],  2009,  the  Court  entered  the  *Order*

*Granting Debtors' [_____] Omnibus Objection to Claims* [Docket No. ___] (the "<u>Order</u>"), a

copy of which is attached hereto.

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each U.S. Debtor's federal tax
identification number (if any), include:  Lear Corporation (6776); Lear #50 Holdings, LLC (N/A); Lear
Argentine Holdings Corporation #2 (7832); Lear Automotive Dearborn, Inc. (4976); Lear Automotive
Manufacturing, LLC (3451); Lear Canada (5059); Lear Canada Investments Ltd. (a non-U.S. Debtor that does
not maintain a U.S. Federal tax identification number); Lear Corporation (Germany) Ltd. (6716); Lear
Corporation Canada Ltd. (a non-U.S. Debtor that does not maintain a U.S. Federal tax identification number);
Lear Corporation EEDS and Interiors (6360); Lear Corporation Global Development, Inc. (3121); Lear EEDS
Holdings, LLC (4474); Lear European Operations Corporation (8411); Lear Holdings, LLC (4476); Lear
Investments Company, LLC (8771); Lear Mexican Holdings Corporation (7829); Lear Mexican Holdings, LLC
(4476); Lear Mexican Seating Corporation (4599); Lear Operations Corporation (5872); Lear Seating Holdings
Corp. #50 (9055); Lear South Africa Limited (a non-U.S. Debtor that does not maintain a U.S. Federal tax
identification number); Lear South American Holdings Corporation (1365); Lear Trim L.P. (8386); and Renosol
Seating, LLC (4745). The location of the Debtors' corporate headquarters and the service address for all of the
Debtors is:  21557 Telegraph Road, Southfield, Michigan 48033.

**PLEASE TAKE FURTHER NOTICE** that the claim listed below, which you filed against one or more of the above-captioned debtors (the "Debtors") in their chapter 11 cases (the "Chapter 11 Cases"), was the subject of the Order as set forth in Exhibit A to the Order and was disallowed and expunged, unless otherwise provided below in the "Treatment of Claim" column.

| Claimant Name | Claim Number | Claim Amount | Treatment of Claim |
|---|---|---|---|
| [Claimant] | [Claim Number] | [Claim Amount] | |

**PLEASE TAKE FURTHER NOTICE** that you may obtain copies of the Order or other documents filed in or related to the Chapter 11 Cases by accessing the Court's website, available at www.ecf.nysb.uscourts.gov, or by accessing the website of the Debtors' notice and claims agent, Kurtzman Carson Consultants LLC ("KCC"), at www.kccllc.net/lear.  Further information may be obtained by calling KCC at 866-927-7093 within the United States or Canada.  Callers from outside the United States and Canada may call 310-751-2659.

New York, New York
Dated: [_____], 2009

/s/ Ryan Blaine Bennett
Ryan Blaine Bennett (admitted *pro hac vice*)
Paul Wierbicki (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, Illinois  60654
Telephone:    (312) 862-2000
Facsimile:    (312) 862-2200

Counsel to the Debtors and
Debtors in Possession

- and -

Steven J. Reisman
Lara R. Sheikh
CURTIS, MALLET-PREVOST,
COLT & MOSLE LLP
101 Park Avenue
New York, New York 10178
Telephone:    (212) 696-6000
Facsimile:    (212) 697-1559

Conflicts Counsel to the Debtors
and Debtors in Possession